IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEESEE MURRAY, | No. 20-cv-4051 |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY TRIAL DEMAND** |
| UNITED AIRLINES, INC., | |
| Defendant | |

Plaintiff, TEESEE MURRAY, by way of her attorneys, WISNER LAW FIRM P.C. and BOHRER & LUKEMAN, as and for her Complaint against Defendant, UNITED AIRLINES, INC. ("United" or "Defendant"), alleges the following upon information and belief:

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention").

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as United's principal place of business is located within the Northern District of Illinois.

3.      Plaintiff, TEESEE MURRAY ("Plaintiff"), resides at 1290 Wine Country Place, Templeton, California.

4.      At all times mentioned herein, United is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business at 233 S. Wacker Drive; Chicago, Illinois.

5.     At the time of the events complained of herein, United transacted business as a common carrier of passengers by air as defined by 14 CFR 110.2, and as such, was engaged in the business of transporting passengers for hire by air.

6.     In furtherance of its business as a common carrier transporting passengers for hire by air, at the time of the events complained of herein, and currently, United operates regularly scheduled commercial airline flights to and from Chicago O'Hare International Airport (ORD), located within the boundaries of this judicial district.

7.     In furtherance of said business, United engaged in multiple agreements with other airlines to allow its customers to travel around the globe.

8.     One such agreement was/is with Scandinavian Airlines System d/b/a SAS Group ("SAS"), which allows United customers to travel to and within several countries, including Denmark.

9.     As part of its agreements with other airlines, United routinely enters into contracts of carriage and sells airline tickets to commercial passengers for travel aboard commercial air carriers other than United, which in some cases, provides none of the actual transportation called for in the contracts of carriage.

10.     Plaintiff's contract of carriage upon which Plaintiff was traveling when the basis for this cause of action arose ("the contract of carriage") was purchased, originated in and concluded in the United States of America.

11.     Plaintiff's contract of carriage which forms the basis for this cause of action was purchased from Defendant United which did not perform any of the actual transportation.

12.     Plaintiff's contract of carriage which forms the basis for this cause of action was issued pursuant to an agreement between Defendant United and SAS.

13.     In issuing the contract of carriage, Defendant United acted as a "principal," as defined by Article 39 of the Montreal Convention.

14.     Accordingly, Defendant United was the contracting carrier, as defined by Article 39 of the Montreal Convention.

15.     One of the segments of travel purchased by Plaintiff from defendant United in her contract of carriage was a flight from Billund Airport, Billund, Denmark (BLL), to Copenhagen Airport, Copenhagen, Denmark (CPH) to be operated by SAS, a non-party hereto.

16.     On or about July 11, 2018, SAS, its agents, employees, servants, and/or its contractors operated and controlled a certain jet aircraft ("the subject aircraft") designated as SAS flight SAS 1282 from Billund Airport, Billund, Denmark (BLL), to Copenhagen Airport, Copenhagen, Denmark (CPH) ("the subject flight").

17.     On or about July 11, 2018, Plaintiff TEESEE MURRAY was a fare-paying passenger who lawfully boarded the subject aircraft and subject flight.

18.     SAS operated the subject flight and transported Plaintiff TEESEE MURRAY by virtue of authority granted by Defendant United.

19.     On or about July 11, 2018, and for some time prior thereto, SAS, its agents, servants, employees, and/or contractors owned, serviced, maintained, repaired, operated and/or otherwise controlled the airstairs, walkways, and other means of boarding the subject aircraft.

20.     It was the responsibility of SAS and its agents, servants, employees, and/or contractors to ensure the safety of its passengers and in particular, that the means of access to the subject aircraft, including its portable airstairs, were free from hidden dangers.

21.     That on July 11, 2018, during boarding at BLL, and for a sufficient period beforehand, the portable airstairs leading to the subject aircraft, had become dangerous due to its instability and/or presence of a wet substance at the top of the stairs.

22.     On July 11, 2018, SAS, its agents, servants, employees, and/or contractors had actual and constructive notice of the defective and dangerous condition of the portable airstairs.

23.     On July 11, 2018, SAS, its agents, servants, employees, and/or contractors failed to remediate said dangers.

24.     That on July 11, 2018, and for a sufficient period beforehand, SAS negligently, carelessly, and/or recklessly caused, permitted, and/or allowed the portable airstairs to become and remain in a dangerous condition.

25.     On July 11, 2018, SAS, its agents, servants, employees, and/or contractors failed to properly inspect, secure and/or remediate the portable airstairs to ensure that it was safe for use by its passengers.

26.     On July 11, 2018, SAS, its agents, servants, employees, and/or contractors failed to warn passengers of the airstairs' dangerous and defective condition.

27.     On July 11, 2018, while boarding the subject flight, Plaintiff fell and was injured.

28.     On July 11, 2018, as Plaintiff ascended the portable airstairs to board the subject aircraft, the portable airstairs, the surface of which was slippery and wet, suddenly moved and caused her to fall.

29.     On July 11, 2018, Plaintiff fell and was injured as the result of an accident, namely, an unexpected or unusual event or occurrence external to the Plaintiff, and not from the Plaintiff's internal reaction to the ordinary operation of the aircraft.

30.     Said accident occurred due to the negligence, carelessness and/or recklessness of SAS, its agents, employees, servants, and/or contractors.

31.     Insofar as it entered into the contract of carriage with the Plaintiff, United assumed responsibility for the safety of Plaintiff's entire voyage by air, and is liable as the contracting carrier, pursuant to Article 39 of the Montreal Convention.

32.     As a result of said accident, Plaintiff was injured.

33.     As a result of said accident, Plaintiff was seriously injured.

34.     As a result of said accident, Plaintiff was permanently injured.

35.     As a result of said accident, Plaintiff has suffered severe pain, agony, and mental anguish and in the future will continue to suffer from same.

36.     As a result of said accident, Plaintiff suffered economic loss and in the future shall continue to suffer from same.

37.     As a result of said accident, Plaintiff was deprived of her enjoyment of life, pursuits and interests and verily believes that in the future she will continue to be deprived of same.

38.     As a result of the foregoing, United is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

39.     United cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to Plaintiff's resultant injuries.

40.     United cannot meet its burden of proving that Plaintiff's injuries were caused solely by the acts of third parties who were not agents, servants and/or contractors of the Defendant and performing an essential function in furtherance of the contract of carriage.

WHEREFORE, Plaintiff, TEESEE MURRAY, demands judgment against Defendant, UNITED AIRLINES, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

**JURY DEMAND**

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: July 10, 2020

Respectfully submitted,

WISNER LAW FIRM, P.C.

_____s/Floyd A. Wisner_____
Attorney For Plaintiff

Floyd A. Wisner
Alexandra M. Wisner
514 W. State Street
Suite 200
Geneva, Illinois 60134
Tel: (630) 262-9434
Fax: (630) 262-1066
faw@wisner-law.com
IL Bar #3048713
awisner@wisner-law.com
IL Bar #6317572

BOHRER & LUKEMAN

_____

Abram I. Bohrer, Esq.
5 Columbus Avenue, Suite 1501
New York, New York 10019
Tel. (212) 406-4232
Fax (212) 202-4440
Email: abe@flightinjury.com

*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff*